IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAY NANCE, SUSANNE N. BOEDECKER, JOSEPH P. HAYES, PATRICIA HAYES RODOLPH, and THE BROWN CATTLE COMPANY SHAREHOLDERS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>S.M.R. JEWELL, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendant. | CV 06–125–BLG–DLC<br><br>ORDER<br><br>**FILED**<br><br>MAR 11 2014<br><br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

On December 24, 2013, United States Magistrate Judge R. Keith Strong entered thoughtful and detailed Findings and Recommendation, recommending Plaintiffs be awarded attorney fees and costs in the amount of $1,483,449.12. Judge Strong applied the lodestar approach, and further found that both a multiplier and a reduction were warranted in the case, but that the two adjustments offset each other. Neither party objects to the findings and recommendations with respect to the multiplier or reduction. Instead, Defendant timely objected to Judge Strong's findings and recommendations with respect to the hourly rates claimed by

-1-

Plaintiffs' counsel. Defendant is therefore entitled to *de novo* review of this portion of the findings and recommendation. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Strong's findings and recommendations in full.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court will not belabor the background and facts involved in this 30-year plus saga, as they are detailed in Judge Strong's opinion. In summary, an amendment to the Surface Mining Control and Reclamation Act entitled landowners and coal owners such as the Plaintiffs to exchange their coal interests for equally valuable coal owned by the United States in those situations where mining was prohibited. Notwithstanding the promise of an exchange, the Plaintiffs were stymied for many years. On at least two occasions, the Plaintiff ranchers reached agreement with the Bureau of Land Management, but those agreements were never finalized. Thus, the Plaintiffs were compelled to file and prosecute the subject litigation. After six years of litigation, the exchange was

consummated, and Plaintiffs received exchange coal in the approximate value of $5,536,000. The final issue to be resolved, which is the subject of this order, is the compensation to be paid to the Plaintiffs' attorneys.

Judge Strong's task in determining the appropriate amount of fees and costs in this case was complicated by the fact that Plaintiffs' attorneys, the Billings law firm of Edwards, Frickle & Culver, did not maintain contemporaneous time and billing records. This is because the law firm agreed to handle this case on a contingent fee basis. The Court suspects that the Plaintiffs would not have achieved justice in this case if they had not found willing and competent counsel to represent them on a contingent fee basis - that is, they would not have been able to fund six years of litigation by lawyers charging on an hourly basis.

In any event, in an earlier order, Judge Richard F. Cebull found that the Plaintiffs should be awarded attorneys' fees and costs, and that those fees were to be calculated on a lodestar basis, rather than as a percentage of the value of the exchanged coal.

Judge Strong heeded Judge Cebull's order, applied the appropriate standards, and awarded fees and costs as follows:

- Attorney fees for 917.2 hours of work by A. Clifford Edwards, at a rate of $500 per hour, totaling $458,600;

- Attorney fees for 2,443.2 hours of work by the other attorneys in the law firm who worked on this case at a rate of $300 per hour, totaling $732,960;
- Litigation costs of $180,384.74;
- Pre-litigation costs of $111,504.38;
- For a total of $1,483,449.12.

The Defendant opposes Judge Strong's Findings and Recommendations on a narrow ground. Simply stated, they urge the Court to use a lower hourly rate.

## APPLICABLE LAW

In a citizen suit brought under the Surface Mining Control and Reclamation Act, the court may award costs of litigation, including attorney fees, to any party. 30 U.S.C. § 1270(d). To calculate attorney fees in statutory fee cases like this one, the United States Supreme Court has directed lower courts to use the "lodestar approach." *Blum v. Stenson*, 465 U.S. 886, 888 (1994); *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Under the lodestar approach, "the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard*, 489 U.S. at 94 (1989) (quoting *Blum*, 465 U.S. at 888). The lodestar method aims to "produce[] an award that *roughly* approximates the fee that the

prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex. rel Winn*, 559 U.S. 542, 551 (2010)(emphasis in original).

A reasonable hourly rate is determined by reference to "the prevailing market rates in the relevant community" *id.* (quoting *Blum*, 465 U.S. at 895), and "the experience, skill, and reputation of the attorney requesting fees," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Pursuant to the "no-interest rule," attorney fees awarded against the United States must be based on the hourly rate when the work was performed rather than when the fees are awarded. *Library of Congress v. Shaw*, 478 U.S. 310 (1986).

The party seeking fees bears the burden of submitting "detailed time records justifying the hours claimed." *Chalmers*, 796 F.2d at 1210. Hours may be reduced "where documentation of the hours is inadequate." *Id.* Under the Surface Mining Control and Reclamation Act, fees and costs should only be awarded for hours associated with claims that were intimately tied to the resolution of the judicial action and where the claimant achieved "some degree of success on the merits" of its claim. *Ohio River Valley Environmental Coalition, Inc. v. Green Valley Coal Co.*, 511 F.3d 407, 413, 416-418 (2007).

While there is a strong presumption that a lodestar calculation is reasonable

without enhancement, that presumption may be overcome in certain rare cases. *Perdue*, 559 U.S. at 554. The Supreme Court has recognized three situations in which an enhancement may be appropriate:

1. Where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation.

2. Where the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted.[1]

3. Where the attorney's performance involves exceptional delay in the payment of fees.

*Id.*, 559 U.S. at 555-556.

## ANALYSIS

Defendant objects to the hourly rate applied by Judge Strong on two grounds. First, Defendant contends that the hourly rate claimed by Plaintiffs' counsel is not consistent with the prevailing rate in the community for similar work. Second, Defendant contends that the hourly rate is based on current rates

---

[1]Significant litigation costs of $180,384.74 were advanced by the law firm, underscoring the previously made point that had the Plaintiffs not had the good fortune of retaining the law firm on a contingent fee basis, which had the capacity to advance costs in this amount, they probably would not have been able to pursue this case.

rather than on historical rates.

Defendant contends that Plaintiffs' counsel failed to meet its burden to produce evidence that the requested rate represents the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Defendant emphasizes that the determination of a reasonable hourly rate "is not made by reference to rates actually charged the prevailing party." *Chalmers*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Defendant's contentions are without merit. Plaintiffs' counsel, as is the law firm's standard practice, took this case on a contingency fee basis. The total amount awarded represents a significant reduction from the rate Plaintiffs' counsel actually charged. Furthermore, the Court is satisfied that Plaintiffs' counsel has met its burden to show that the requested rate represents the prevailing rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. The Affidavit of James H. Goetz (Doc. 139-8) clears this hurdle.

Defendant's contention that the hourly rate charged represents current rates rather than historical rates is in conflict with the other undisputed affidavits submitted by Plaintiffs' counsel. Defendant offers no evidence to contradict the affidavit of Plaintiffs' counsel which provides that *"in the last several years . . .*

[clients who pay the Edwards Law Firm at an hourly rate] agree to pay [Mr. Edwards'] time at $500 an hour, and all other lawyers within [the Edwards Law Firm] $300 an hour." (Doc. 129-1 at 2-3, emphasis added.) Defendant's contention that the requested rate represents only the current rate, and not the historical rate, thus amounts to unsubstantiated speculation. Thus, this hurdle is also cleared.

The Court appreciates the fact, as evidenced by the Affidavit of Steven Ruffatto (Doc. 136-1), that other skilled Montana attorneys perform natural resources work at hourly rates less than those charged by the Plaintiffs' lawyers. However, that does not mean that the rates charged by the Plaintiffs' lawyers are therefore unreasonable. Determining reasonable rates, or market rates, for the services of an attorney is not an easy task. As recognized by the United States Supreme Court in *Blum*, the market prices of commodities and services are determined by supply and demand, and thus, in a traditional sense, there really is no such thing as a prevailing market rate for the service of lawyers in a particular community. *Id.*, 486 U.S. at 895, n. 11. The experience, skill and reputation of lawyers varies greatly within the community, and can vary greatly within law firms, as evidenced by the varying rates charged by the attorneys in Mr. Ruffatto's law firm. The reality of this case is that the Plaintiffs did not, and probably could

not afford to hire lawyers who worked and billed in a traditional hourly rate manner. Instead, they found highly competent and skilled lawyers who were willing to put aside their other work and risk not only hundreds of hours, but tens of thousands of dollars of costs, to pursue plaintiffs' claims for many years. Had the Plaintiffs not been successful, their lawyers would have recovered nothing. That is the risk of contingent fee work. But in this case, the Plaintiffs were successful, and their lawyers are now entitled to be paid for their efforts.

The Court finds no clear error in any of Judge Strong's other findings.

IT IS ORDERED that Judge Strong's Findings and Recommendation (Doc. 147) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that fees and costs should be awarded as follows:

1. Attorney fees for 917.2 hours of work by A. Clifford Edwards, at $500 per hour, totaling $458, 600;
2. Attorney fees for 2,443.2 hours of work by the remaining attorneys at $300 per hour, totaling $732, 960;
3. Litigation costs of $180, 384.74;
4. Pre-litigation costs of $111,504.38
5. For a grand total of: **$1,483,449.12**

DATED this 12th day of March, 2014.

*Dana L. Christensen* (signature)
Dana L. Christensen, Chief Judge
United States District Court